Cover Sheet

United States District Court
District Of Connecticut

Victor L. Jordan sr.:
     plaintiff

V.

Department of Corrections :    Date: May 10 2023 / June 5th 2023
Angel Quiros
Jenifer Petterson/Reis
Carlos Nuvez
Deputy Warden: Pierce
James Watson
Robert Calo
William Mulligan
D.A., Rodriguez
David Maiga
Karen Martucci
Officer: Colella
Officer: Wauthier
Officer: J. Whitted
Officer: Correia
Officer: Cossette
Officer: Lapila
Officer: Guerrera
Dr. Wolf-Craig
Colleen Gallagher

2

R.N. Dave          :
Officer: Millian :
Officer: Otsuno :
          Defendants:

A
Jury Trial
       is
Demanded

United States District Court
District of Connecticut

Victor L. Judah sr. :
Plaintiff :
:
V. :
:
Doe, et at, :
Defendants :

Scanned @ CLL
KMG 6/5/23

Date May 10, 2023

## Complaint

### A. Introduction

1.) In 2-16-22, i was housed at Cheshire C.I., in General population, North 1, unit, and North 2 unit, as a single cell inmate.

2.) On 2-16-22, unit manager informed me that i was being moved to east 3 unit per Warden, Rei's (Petterson) order regarding all inmates thats classified as single cell offenders," and if i didnot wish to suffer East 3 conditions, i would agree to a cell mate.

3.) The conditions of East-3, were not the same and/or similar to the rest of the facility, which provided, Desk and stool; fire prevention sprinklers; mail box and/or other confiden- tial boxes for medical and grievances, in the cells and the unit.

4.) Also D.o.c, at cheshire East-3 did not provided accommadations for individuals with disabilitys, and/or medical issues that may require specific accommodations, physical and/or Mental, similar to my conditions,

4

5.) In Violation of ADA ; 8th Amend. & 14th Amend.; Title II of Americans with Disabilitys Act (ADA), 42 U.S.C. §§ 12101 et seq., I suffer from a ruptured Achilles tendon that did not heal properly, and a history of Back insury and pain, and Breathing problems, chronic chest pain.

6.) East-3 is on the Fourth Floor of the Old south end of Chesh- ire, and East-2, one Floor below was being used as Quarantine and Ventilation system was interconnected, which also housed un-sentenced detainees, conditions are the same as East-3 furnishing of Cells. Jeopardizing my health, Violating my 8th Amendment Rights.

7.) East-3 also housed un-sentenced detainees at the time of my placement in unit, Violating my 8th Amendment rights.

8.) East-1 unit is RHU (Restrictive Housing) the Cells are furnished the same and or similar to East-1 and 2., East one is more so filthy and con- taminated with, urine, feces, mold, pepper spray, other bodily fluids, the showers are not fully ADA Accomodating, although unit is on the First Floor for housing unit.

9.) East-2&3, both General population units, are unequiped with Cable outlets, as the rest of the "General population, (Facility) and all other level-4 facilitys in Connecticut. therefore not providing me with analog and or Digital signal as is afforded to everyone else in facility, minus East unit, Violating my 14th Amendment Rights, of Equal protection and Creating a Liberty Interest, by being treated the same and or afforded libertys as to those who are or were similarly situated, and when not being for punitive/penological purposes; inwhich you are suppose to be afforded Due Process, Re. (Restrictive Status); i had a liberty interest to not be subjected to said restrictive Conditions, under Sandin, Restr- -ictive Housing also should be provided same and or similar Conditions of the General population in level 4 facility.

10.) The Named Defendants' and/or Unnamed Defendants' responsible for the placement of myself and others, in said Conditions, that were intended for punishment, for a number of reasons, that their actions and intent was retaliatory in nature.

11.) The Defendants' and their Colleagues, Agents, employees; are named in a number of Complaints, and/or grievances, by myself, that stems from similar and or same Violations of my rights, civil Rights. The actions by Defendants reflect clear and unequivical retaliatory means and measures to prevent and/or deny my Due process, to exhaust and or get a remedy, their actions (Defendants), moved and or transfered me to deter my filing informal resolutions, by means of not placing my request forms in accordance to Administrative Directives, 8.9, and 9.6, for P.L.R.A. purposes, and or just outright prevention of me forcing Defendants' to correct and/or Remedy the Violations complained of and/or to intimidate me to stop my Complaints.

12.) The Defendants use of tactics that denied me medical attention for my physical and mental, by delaying treatment, and/or out right not providing, by making false accusations about me to create scenario that compromised my privacy, and HIPPA Rights, These Accusations created Safety & Security issues that prevented and or limited my access to needed Medical and or Mental health, at any and all times required.

13) The D.O.C and most if not all its facilities are highly inadequate and short staffed, Re. medical and mostly Mental health, personell in Cheshire C.I. in 2-11-22, there was no mental health staff available on every shift, and or on weekends and medical staff, Registered Nurses, were not qualified to treat and or trained to accommodate the mental health needs of a level-4 prison, with people like myself who has a clear and documented mental health disability, who may require help from certified physicians, and/or Trained staff (Custody) Re. Mental health treatment, rather than Just threats of placing me in solitary confine--ment under inhumane Conditions, for requesting help, the threat is to keep me from requesting mental health help, and or tactics to embarrass me and Violate HIPPA privacy rights.

14.) I am claiming a class of one and any other claim that relate to the Defendants' actions and lack there of that Violated any of my civil Rights under the Constitution of the United State of America.

6.

3. Preliminary Statement

15.) The Plaintiff, herein, Victor Lamond Jordan sr., is an inmate in the Control and Custody of the Commissioner of Corrections for the D.O.C, and at all times relevant to this complaint held at and housed at "Cheshire C.I. in Cheshire, Ct. and or Garner C.I. in Newtown, Ct.

16.) Plaintiff alleges the defendants 'acted Individually, and/or Officially, by their own actions and choices, and or Supervising and/or supervised, in Concert under the Color of law and Color of their authority as D.O.C employees/Officials' to violate my Civil Rights and my human Rights protected by the United States Constitution and 42 U.S.C. §§ 1983 and 1988, and 18 U.S.C. §§ 1589(a) and 1594(a), and 29 U.S.C. §§ 201, §202 (a)(3), §§ 203(e)(1)(e)(2)(c)(d)(g) 1930, 29 U.S.C. § 206. 18 U.S.C. §§ 1761-62. Title II of American with Disabilitys Act, 42 U.S.C. § 12132.

17.) The Department of Corrections and/or its Agents Actions Violate the United States Constitution Rights afforded to all prisoners', under the Equal Protections, and the Right to be free from the Cruel and unusual punishment, and/or Deliberate Indifference, subjected on prisoners' by means of unfair, and/or Inhumane Conditions of Confinement, by way of conspiracy agreed upon and Orchestrated by Supervising and direction and/or Policy making that helps to facilitate said conspiracies, and/or Retaliatory Violations Alleged in this Complaint by Defendants' acting alone and or in concert. By way of Subjecting me to circumstances, that exacerbated my mental health problems, and physical well being, Using bullying abuse of Authority and tactics preventing me from addressing and attempts to remedy and/or resolve, correct, and rectify these claimed Violations, Conditions that Violate Americans with Disabilitys Act.'

18.) These conditions and actions enumerated and or alphabetically show a clear violation of my Constitutional Rights

a. Being a person with disabilitys, mental and physical. Defendants knowing or should know, and failing in accommodating accordingly.

b. Cheshire C.I. supervising staff creating and enforcing fraudulent vindictive and retaliatory policys, such as "single cell offender" unit.

c. East-3 unit cells not being furnished in accordance to similarly situated persons in same facility, under same and/or similar classific- ation. with Desk, stool, cable outlet, sprinkler system.

d. Unit not in compliance with ADA Re. handicapped, and on temp- orary disability accommodations to assist and or lesson hardship.

e. subjecting inmates to pain and anguish and deterioration of their disabilities, by being forced to eat, write, and other activities in a uncomfortable and dibilitating while hunched over for hours, on end over legal box.

f. Jeopardizing my health and life by forcing to live in an environment that exposed me to the covid19 virus, which housed Quarantine, covid infected inmates, with connected ventilation system in the East unit 1, 2, and 3

g. forcing unsentenced Detainees and sentenced inmate to be housed in the same unit and facility in violation of 8th Amendment

h. Creating hostile vindictive, retaliatory environment, by allowing persona relationships, intimate in nature to persist between D.o.c. Agents, staff, emp- yees, custody, and medical and or other which creates conflicts of int- est, Jeopardizing privacy safety and securities, freedoms and health and well being. 1st Amendment

I. Creating a Liberty interest when labeling me a single cell offender and housing myself and others in an unequal environment that was not same or similar to those that receive more amenities in there cells and or out of their cells, we had to eat in our cell whilst they got a choice to eat out on th teir with others in a social setting.

8.

## C. Jurisdiction

19.) Plaintiff, brings Claims pursuant to 28 U.S.C. §§ 1331 and 1393 (a) (3) because this action arises under the U.S. Const., 42 U.S.C. § 1983, the A.D.A, 42 U.S.C. § 12131, et seq., and Section 504, 29 U.S.C. § 794 (a), R.A. of 1973.

## Venue

20.) Venue is proper in this Judicial district pursuant to 28 U.S.C. § 1391 (b) because Defendants' reside and/or resided in this District and because a substantial part of events and omissions giving rise to Plaintiffs' Claims occurred in this district.

## D. Parties

21.) The Plaintiff, Victor Lamond Jordan Sr., Inmate # 165080. at all times relevant to this Complaint is and was in the custody and control of the Commissioner of the Department of Corrections, and at the times of these claims, he was housed at these facility's, Cheshire C.I.; and Garner C.I.; in Cheshire Ct. and Newtown Ct. from Oct. 14, 2020 to June 27, 2022, Transfered on 6-27-22 from Cheshire to Garner C.I., and at the present, located at Garner C.F..

22.) First Defendant: Connecticut Department of Corrections.
Defendant (D.O.C.) is a public entity duly organized and existing under the laws of the State of Connecticut, and a government entity. The D.O.C. employs, more than 5,000 persons and is responsible for, and retains authority over, the operation of Cheshire Corr. Inst., and Garner corr. Inst., and other Connecticut State prison, including rendering care or treatment to disabled persons, in their housing, including, individual with specific disa- bility's that may not be traditional in nature and or superficially evident and or life long, some are mental, and/or physical in nature. The D.O.C. receiv- es state and federal funding for operation of Cheshire C.I., and Garner C.I., and other State prisons and has received such funds throughout the time period during which the acts described herein has happened, and/ or continue. Defendant is being sued in its Official Capacity for Injunctive and /or Declaratory Relief. Cost, Attorney fees, Expert witness and or other.

9.

23.) Second Defendant: Angel Quiros. Comm. of Corr.. Defendant Quiros,
is responsible for protecting the Constitutional Rights of all indivi-
duals in The D.O.C's Custody, including the Plaintiff. Defendant as
Comm., final policy making and supervisory authority within the D.O.C
and all facilitys under his authority of office, and therefore was
respons. ble for authorizing and maintaining policies and customs Chall-
enged by the Plaintiff. At all times he was acting under the color of
State Law. He is being sued in his Individual Capacity, And Official
Capacity, for Compensatory and/or punitive Damages, And Injunctive relie-
f, and/or Declaratory Relief. Cost, Attorney fee, Expert Witness and or other.

24.) Third Defendant: Jennifer Peterson Reis, Warden of Cheshire C.I. and
was at all times relevant to this claim. Warden, and or Deputy warden, from 10-14-20
to 6-27-22, Defendant as the warden, was the legal Custodian of all inmates housed
and/or confined at Cheshire C.I., and was responsible for the Safe, Secure, Care and
humane treatment, (Housing Conditions) of Plaintiff. During relevant times Defendant Reis,
was the Administrative Authority, that made policy and procedures, regarding the Class-
ification of all inmates and their housing alongments, who also was responsible for my
health and well being, and the appropriate accommodations, treatment, and providing
the essential personell, properly trained and certified, authorized by her to supply my
needs in accordance to State law and Constitution, as well as united States Constit-
utional rights Due Plaintiff. his 1st, 4th, 5th, 6th, 8th, 14th Amendments Rights, and
The ADA rights for individuals with Known disabilitys. same and or similar to my
disabilities. She proximately and Directly Caused the Constitutional violations suffered
by the Plaintiff, she is sued in her Individual/Official Capacitys, for compensatory and
punitive Damages, Injunctive and Declaratory relief. Cost, Attorney fees, Expert witness.

25.) Fourth Defendant: Carlos Nuñez. Deputy Warden, at Cheshire C.I., from 10-14-20
to 6-27-22. In his position he possessed supervisory Authority, and this
Capacity he possessed policy making and with respect to inmate classification
and housing, placement and/or treatment. Defendant was personally involved in
authorizing and Maintain policies and customs, that are unconstitutional and
indifferent, and any and all other violations that Plaintiff is challenging.
At all times he was acting under the color of state law, and he had an obliga-
tion to protect my rights equally and wholely and to maintain my safety and
security, by providing living accomodations that catered to my needs. He is be-
ing sued in his Individual and Official Capacitys, for Compensatory/punitive
and/or Injunctive/Declaratory Reliefs, cost, Attorney fee, Expert witness, and other.

27.) Fifth Defendant: Der W. Pierce, was Deputy Warden at Cheshire C.I., and was at all times to this claim, Defendant pierce in his position he possessed the Supervisory authority and in this capacity he possessed policy making and classification decisions for inmates, regarding their housing accomodations, treatment, safety and security and Well being, equally in conforming with U.S. Constitution, and State law. Defendant, pierce, as his counterparts and colleagues was personally involved in authorizing and maintaining policies and customs, that were unconstitutional and Indifferent, Retaliatory, cruel and unusual, that created a liberty interest, and any and all other violations claimed by plaintiff in this pleading. At all times relevant to this claim, he was acting under the color of State Law, and he had an obligation to protect my rights in whole and not just in part. by providing accomodation that catered to those needs in accordance to the U.S. Const. and it Amendments. He is being sued in his Individual and Official Capacities, for Compensatory and Punitive Damages and/or Injunctive/Declaratory Relief, and Cost, Attorney fees Expert witness and/or other.

26.) Sixth Defendant: James Watson, Ret. Unit Manager of East Unit at all relevant times related to these pleadings. Cheshire C.I. is a facility that is ran on a unit manager system, "Chain of Command," and enforced according to this policy. And in this position he possessed the Supervisory Authority to enforce implement, and or suggest change thats conducive to protecting my Civil Rights, and my Safety and Securities, by accomodating me with all the amenities, intitled to by equal protection, and Acts, Such as Americans with Disability, making available and providing services that is required to treat such disabled persons, mentally as well as physically, and to not resort to retaliatory actions to harm and deter inmates from filing and or submitting protest, and/or claims in protest of the cruel Conditions noted through out this claim and pleadings by plaintiff. He was acting under the color of state Law, when he enforced and subjected me and others to unfair, unconstitutional Conditions of Confinement at cheshire C.I. East-Unit, 1-2-3. He is being sued in his Individual and Official Capacitys, for Compensatory and punitive Damages; Injunctive/Declaratory Relief; Cost; Attorney fees; Expert witness; and or other.

29.) Seventh Defendant: Robert Calo, Unit Manager of East-Unit from feb 16, 2022 to June 27, 2022 at Cheshire C.I., At all times relevant to these claims, he had the Supervisory Authority and direct in nature to effect change and enforce illegal policys, and/or classifications of inmates, and housing and managing the unit

18

29.) cont:

he was assigned by the Warden and Deputy Wardens who gave him the authority to enforce their agendas, policys, protocols, that were in violation of the civil Rights afforded to me by the U.S. const. and state law, using tactics retaliatory in nature, vindictive, and malicious. Discriminatory actions and or inaction to accommodate me with the needs of a person with disability's, and one who protest by word of mouth and informal resolutions to Defendants. Defendant, prior to retirement he was acting under Color of State Law, and violated my civil Rights, by way of subjecting me to inhumane conditions of confinement and/or ADA accommodations. Defendant is being sued in his Individual capacity for compensatory and punitive Damages; cost, Attorney fees, Expert witness; and or other.

30.) Eighth Defendant: William Mulligan, District Administrator, at relevant times from feb 16. 2022, had the obligation to uphold the Law, by state and Administrative Directives, as Dist. Admin. Defendant had the supervisory authority to enforce policy, protocol and or procedures, that his superiors, whould formulate and supervise and dictate and/or delegate the orders so structured. At all times relevant to this complaint the Defendant had an obligation to protect my well being and rights, to not be subjected to cruel and unusual punishment, unequal protections, that the constitution affords. He is being sued in his, Individual/Official Capacitys, for compensatory and punitive Damages; Injunctive/Declaratory Relief; cost, Attorney fees; Expert witness; and/or other.

31.) Ninth Defendant: District Administrator, Rodriguez, who at the times relevant to these claims, was in fact responsible for decisions made by other superior Defendants, and Defendant had authority to effect change and/or enforce policy. Defendant acting; at all times relevant to this claim; under the Color of State Law, made decisions contrary to the Civil Rights afforded to plaintiff, by U.S. Constitution., and either knew or should have known that the accommodations of the-describe protected said Const. Rights, and ADA necessitys that required to function. Defendant is being sued in its, Individual and official capacity, for compensator and punitive Damages; Injunctive/Declaratory Reif; cost; Attorney fees; Expert witness; and other.

32. <u>Tenth Defendant: David Maiga,</u> population management, at time relevant to these complaints, defendant in this capacity had the authority to manage the population and all its facilitys, having the knowledge and access to any's and all facilitys and there conditions, and accommodations, for handicapped, and or Disabled prisoners, To meet the required needs of D.O.C's prison population he is also aware and/or either knew or should have known of the conditions of Cheshire C.I. East units' and their lack of propper furnishing, and/or ame-nities, safety & security, Biohazard, fire hazard deficiencies. In his capacity under the color of State Law, he had an obligation to Afford myself the safety and securities that was afforded to others similarly situated through out rest of facility as sentence and or sentenced inmates'/Detainees; whether single cell status or other. He is being sued in his Individual/Official Capacity, for compensatory and Punitive Damages'; Injunctive/Declaratory Relief: Cost; Attorney fees; Expert witness; and other.

33. Eleventh Defendant: <u>Karen Martucci,</u> External Affairs, at all times relevant to these claims and pleadings by Plaintiff Defendant was acting under the color of Statelaw, When addressing safety and security matters regarding D.O.C's practices with solitary confinement; (Restrictive Housing), and the non harsh, inhumane conditions that was only use to cool off inmate after a fight, and those are the "main reasons" inmates are placed in such harsh, torturous conditions. And how they, her and D.O.C" have been reducing placing inmates in such harsh conditions for petty, non violent, and or disruptive behavior. In which is wholely untrue, at cheshire and Garner: (Allaside) watched and experience multiple placements of inmates in severe restrictive housing, mysel-being one, on a number of occasion, and i was treated even more so harshly because of my protagonistic filings, with grievances, and Civil Complaints, for Custody and Medical Dept. Re: conditions of Confinement. Defendant, Martucci has the supervisory Auth--ority to change policy, and/or enforce change. In her capacity she has the responsibility to protect inmates like myself from the claims in these Pleadings, by establishing better Oversight of her Subordinates, Superiors and/or Colleag--ues, by insuring there is accountability for their actions and inactions, which has Created and Sustained a Culture of Brutality, abuse of authority, malic--ious and Sadistic, Vindictive, retaliatory, unproffesional behavior by The D.O.C's, Agents, Staff and employees. Defendant in her position, is fully aware of the executive decisions and order, by our government that mandates new laws, and Directives that is suppose to protect inmates well being to prev--ent the Violations claimed in this action. she is being sued in her Official Capacity, for Injunctive/Declaratory Relief.

34.) <u>Twelfth Defendant:</u> Tony Colella, Lt., at times relevant to these claims, Defendant was employed by the D.O.C and stationed at Cheshire C.I., in this capacity Lt./Capt., he had Supervisory Authorities, that obligated him to rectify and or correct any visible and obvious constitutional Rights violation, Re. to Conditions of Confinement, enforcing equal protection rights, accommodating people with mental health and/or physical ailments, and/or Disability's, and in his actions and lack there of, he acted under the Color of State Law. When he directly used tactics, intimidation and Retaliatory measures to prevent me from continuing my path to make significant change. He is being sued in his Individual/ and Official Capacity's; for Compensatory/punitive Damages; and Injunctive/Declaratory Relief, cost; Attorney fees; Expert Witness and/or other.

35.) <u>Thirteenth Defendant:</u> Richard Wauthier, as Lt. and/or Capt., Defendant at all times relevant to this claim and pleadings, was in fact an employee at Cheshire C.I., and at one point in those times, Defendant Wauthier, in this capacity he either knew or he should know, that incidents, he was clear about a disruptive inmate, who has disability's issues, medical and mental health requirements, handicapped accommodations, he was obligated to give propper overall care as needed. Defendant is being sued in his Individual/Official Capacity; for Compensatory/punitive, Damages; Injunctive and Declaratory, Relief, cost; Attorney fees; Expert Witnesses; and/or other.

14

36.) Fourteenth Defendant: <u>Marco Correia Lt/capt</u>, was at all times relevant to these claims, an employee for the D.O.C. at Cheshire C.I. In his capacity he exercised supervisory authority, and or shift commanding powers, that he knowingly abuse, and misused to serve purposes that violated Plaintiffs rights. he is being sued in his Individual/official capacity, for Compensatory/Punitive Damages; Injunctive/Declaratory Relief; Attorney fees; Cost; Expert witness; and/or other.

37.) Fifthteenth Defendant: <u>Justin R. Cossette, Lt.</u>, was at all times relevant to these claims, an employee for the D.O.C. at Cheshire C.I. In this capacity he exercised Supervisory authority, to abuse and misuse to violate my civil rights to be free from retaliation and cruel and unusual punishment, by depriving me of my freedoms and liberty interest, and other Const. Rights pleaded in this claim however they apply. He is being sued in his Individual/official capacity for Compensatory/punitive Damages; Injunctive/Declaratory Relief; Cost; Attorney fees; Expert witness; and/or other.

38.) Sixthteenth Defendant: Brian Lapila, capt, was at all times relevant to these claims, an employee for the D.O.C., at Cheshire C.I. In this cap-acity he exercised supervisory Authority, and a shift commander who enforced and or dictated his subordinates to enforce retaliatory actions that violated my civil rights, to prevent my filings of internal dispositions regarding my health and well being, because of his personal relationships with his fellow colleagues from the medical/mental health Dept, in his abuse of Auth-ority, he did in fact on a number of occasions commanded actions to be taken to punish me for fabricated infraction, and or other times in violation of human rights by placing me in inhumane conditions, with malicious intent, meant

15

cont.

39.) (cont.) to deter my alleged "Harrasment" of his girlfriend. at all times he was acting under the color of state Law while enforcing these dictates that violated my const. Rights. He is being sued in his Individual/Official Capacity for Compensatory and punitive Damages; Injunctive/Declaratory Relief; Cost; Attorney Fees; Expert Witness; and or other.

40.) Seventeenth Deffendant: Joshua Whitted, Lt., at all times relevant to these claims was an employee of the D.O.C., at Cheshire C.I., in this capacity he possessed supervisory authority and was responsible for maintaining the safety and security of inmates, and their well being, by providing access to medical, and mental health, and to enforce this protection by delegating, and/or dictating by means of his subordinates and or directly when required, in this capacity he failed in his duties either deliberately, with malicious, sadistic intent, and or retaliatory in nature in conspiracy with fellow colleagues, he directly violated my civil const. Rights by ways of Denial of proper medical attention. He is being sued in his Individual/Official Capacity; for Punitive/Compen-satory Damages; Injunctive/Declaratory Relief; Cost; Attorney fees; Expert witness; and or other,

41.) Eighteenth Defendant: C/O Guerrera, corr. officer, at all times relevant to this claim, an employee of the D.O.C. at Cheshire, C.I. in this capacity he possessed the authority to provide Safety and security to inmate's under his supervision, and provide when needed me, Medical/mental health assistance by way of calls in accordance to protecol and procedure, in accordance with the Administrative Directives, facility policy and training. at all times Defendant acting under the color of state Law, did in fact violate my civil and constitutional rights, with and for retaliatory purposes, that violated and or attemps-ted to violate my HIPPA Rights, and with malicious intent denying me access to Mental Health for cruel and unusual reasons and/or deliberately

16

42 cont) with malicious and sadistic intent. He is being sued in his Individual/official Capacity, for Compensatory/Punitive Damages; Injunctive/Declaratory Relief; Cost; Attorney fees; Expert witness; and/or other.

43. Nineteenth Defendant: Dr. Wolf Craig, mental Health, at all times relevant to these claims, was employed by the D.O.C at Cheshire C.I. as mental health Doctor. In this capacity, She had the supervisory authority to facilitate unbiased mental health care to me, and not allow personal feelings, and/or conflicts of interest to harm my Well being, where her unprofessional relationship with custody D.O.C. Colleagues, becoming part of conspiracy, to retaliate against me, for alleged harrassment, and filing of grievances and civil Actions against D.O.C. and her Dept. for various violations of my civil const. Rights, Denial of proper mental Health Care and Jeopardizing my mental Sability, by subjecting me to inhumane conditions and treatment in the guise of protocol and/or procedure. At all times relevant Defendant Wolf Craig was acting under the color of State Law. And her actions or Inactions were in violation of my rights named in this claim and pleadings, she is being sued in her, Individual/official capacity, for Compensatory/punitive Damages; Injunctive/Declaratory Relief; Cost; Attorney fees; Expert witness; and/or other.

44.) Twentieth Defendant: Colleen Gallagher, MA, CADAC, CCHP, at all Times relevant to these claims, was employed by the D.O.C. as the Regional Supervisor she had Supervisory Authority and in this capacity she had the authority to address and correct any and all grievable medical errors, whether it be treatment/or Administrative. She was acting under the color of State Law when her action and in actions denied proper and adequate medical care and treatment, she is being sued in her Individual/Official capacity, for Compensatory /Punitive Damages, Injunctive/Declaratory Relief and other

45) Twentyfirst Defendant: R.N. Dale, at all times relevant to these claims, defendant in this capacity he had authority to dishout/deliver medication, and treat various medical ales and to hold act and or delay service that could be a life or Death Matter, as his action on one occassion could have been the latter, he is a Registered Nurse, who has the Oath of "do no harm" attached to his certification, and licensace, at all times he operated under the color of state Law. He is being sued in his Individual/Official Capacity for Compensatory/Punitive Damages. Injunctive/Declaratory Relief, and or other,

46.) Twenty Second Defendant: C/o Millian, at all times relevant to this claim, he was employed by the D.o.c. and worked at Cheshire C.I., in this capacity he had the Authority to auth-orize action for medical emergency regarding an inmate and or A.o.c. staff. Defendant, had the responsibility to be posted in a unit as unit officer in East 3, in which consisted of 15 minute Tours of the unit, to observe and make sure of every body and thing being safe and secure, in which he failed to do, and inso doing did in fact put someone's life and at least health in danger. He is being Sued in his Individual/Official Capacity, for Compensatory Damages and Punitive, Injunctive/Declaratory Relief, and/or other

47.) Twenty third Defendant: O.T. Suno corr. officer, at all times relevant to these claims, he was employed by D.o.c. as a corr. officer, at Cheshire C.I., in this Capacity as an second shift C/o of East-3 unit, he had the authority to Facilitate, medical treat-ment/alert medical for a medical emergency, And his responsib-ilitys are 15 minute Tours of the unit, and tomaintain and assure Safety and security, in he did in fact failed to do, at all time defendant was acting under the color of state Law and he is being sued in his Individual/Official Capacity, for Compensatory/Punitive Damages, also Injunctive/Declaratory Relief, and or other,

E. Statements of fact

48.) On 2-16-22, while housed at Cheshire. CoI., in North 1 Unit General Population, I was in cell 45 as a single cell inmate, when Unit Manager, informed me that I and others similar to myself as single cell offender, has to move to East-3 unit, or else take a cellmate, or go to RHU (solitary confinement)

49.) On 2-16-22 I wrote and submitted a request (CN9601) form to Warden Reis, Dep. Wardens, Unit Manager East unit, Re. subject matter of placing me in East-3. where my health would be in jeopardy because Quarantine for the Covid 19 inmate were in East-2, and ventilation are connected, and I was not Vaccinated, which made my exposure more vulnerable to die.

50.) On 2-17-22, I submitted a CN9601 request form, Re. unit E-3 didn't have a box for Mail, and or other personal service, like HIPPA and or PREA. and having to give Mail to other inmate to deliver to box. also addressing the Cable TV out-lets are not in cell like General Pop (G.P.)

51.) Dep. Warden Pierce, Responded, saying the boxes are being made and yet on June 27, 2022, the day of my "Retaliatory" transfer to Garner C.I. The unit still had nothing of the sort of wood boxes because, They (Admin) did not intend to put them there, the facility has a wood shop in their Industry program / Jobs.

52.) On 3-11-22 I appealed, CN9602 Level-1, disposition Deny-ing appeal and reason on 5-4-22 by Warden Reis. IGP 125-23-312

53.) On 5-11-22, I filed a CN9604 IGP 125-22-312 L2. arguing the ruling from Warden Reis on Lvl-1, Re. my Back pain, & Neck as well as the Mental Health issues, which conditions automatically violate my ADA Rights, 14th Amend, 8th Amend, 1st Amend

54.) On 3-11-22, I submitted a CN9601, Re. my serious Back pain that I just started feeling and the likely need of not having in the cell, a stool and Desk to write on properly with being hunched over for hours on end, which included my Neck as well.

55.) I sent Carbon Copys to Warden Reis, James Watson, ADA Colleen Gallagher; Medical Dr. Jane/John Doe, on same date of 3-11-22. Received response on 3-16-22, from APRN S. Charls, to address Matter regarding furnishing to Custody.

19

56.) On 2-16-22 i filed CN 9601 to Warden Rei's, Deputy Wardens Muller, Pierce, and unit manager Watson. Re: Housing "unsentenced Detainees," with "Sentenced Inmates," which is an 8th Amend. Violation and possible retaliation from James Watson.

57.) Deputy Warden Pierce responded, with false answers

58.) CN9601 filed on 17th, i got two responses l 3-14-22 and the other 3-23-22 same response

59.) on 3-11-22 a CN9602, 0.3p. 5-9-22 filed 1V/2, CN 9604. Re. the lack of furnishing and or any amenities that General population has Any back pain as well, because of the lack of proper furnishings Rodriquer response on 5-31-22, was insufficient.

60.) On 3-16-22 i submitted CN9601 Re. a one C/o Guerrera Denying me access to mental Health, by making threats, using curse words, and then later he came back to my cell to gloat that if i wasn't planning to hurt myself, i will not be seeing anyone.

61.) a capt. Correia responded to CN9601 on 3-23-22

62.) on 4-4-22 i filed on CN 9602 Appeal, was rejected, although it shouldn't have, on 5-13-22

63.) Defendants' retaliatory actions made decisions to prevent my Due process.

64.) on 5-15-22, I required mental health, on sunday at 12:00pm i was left in distress, because there was no mental health available, I was told that an R.V. could come and evaluate me, and if need be place you on B.O.S. and placed in solitary confinement.

65.) Why would someone not mention, that they were considering hurting them-self because they know just like i did that you will ultimately be punished for your truth and asking for help. The 5-26-22 The response from, Dep. Warden Pierce is very insufficient.

66.) On 5-15-22 i submitted CN9601 to mental Health Dr. wolf Craig and/or APRN, which left me vulnerable to harming myself or someone else, on 5-26-22 wolf craig response was precise, it was 12 midnight and there was no mental health available and there should be.

20

67.) I filed CN9602 on 6-1-22. Re; mental Health unavailability and the threat of being placed in solitary Confinement or B.o.s. (Behavior Observation). It being to punish you for complaining and to deter you from making such complaints, D.o.c. cover their bases with the response that warden Reis gave on 6-14-22 in her disposition. is an intervention to extinguish maladaptive behavior. So their solution to someone that is not adapting to a confined place (space) where they have stimulating and/or distracting things like TV, radio, sounds on unit, game system or other. They are more likely to be better in an Isolated (solitary) environment, that studys have shown is highly toxic for one's psyche that has little to no mental health issues. its suppose to be the Godilocks for people that has Certified mental health issues with history of attempting suicide and or hurting himself.

68.) on 6-16-22 i filed CN9604 lvl2 appeal addressing the American with Disability's Act. regarding placing mental problematic, and/or inmates with illness who are Considered to be disabled to one degree or another in solitary (Isolated) Confinement, does not improve there health only exacerbate it, and named De- fendants' either know this, or they should know.

69.) District Administrator Rodriguez is well aware of these facts and her response reflects her insensitivity of the disabled inmates such as myself who has a documented mental health illness, to one degree or another, whether if properly diagnosed or not, the facts are clear that i have some form of mental health problems (Illness).

70. on 6-18-22 aprox. 10:45 Am I informed Block (unit) officer C/O Wilson, that i was having trouble breathing, and to call medical. medical informed him that i had an inhaler (abuterol) for me to use, i informed officer in fact my inhaler was empty, medical claim they would deliver a new one to me, the time was aprox 11:00 Am.

71) While waiting for Medical to arrive my chest was feeling tight and congested, i waited in pain and distress for close to an hour.

21

72.) RN Dave finally showed up to my cell with the inhaler and i informed him that i needed my chest examined because it was hurting, he disregarded my request and walked away.

73) I assumed they (him and C/o william) was making a call for assistance, but no one ever showed up, i questioned officer and he said he was awaiting an escort per supervising officer Lt. Whitted.

74) The time was aproximately 12:45 am (noon) Last i remember, then Im waking up on the floor of cell at aprox. 4:30 pm, not knowing what happened, i questioned the second shift officer John Doe he claimed he didn't know anything, I asked him how was that possible if i was layed out on the floor of cell with all of my attire on including my shoes, and he had to take the count.

75.) During Chow Serving, Lt. Whitted was doing his tour, and i mentioned the incident re. medical, and being denied health care which was emergency, and that i was going on hunger strike and for him to Log in Book

76) I informed Second shift officer; Ostuno, of my continued dizziness and headache and congestion, he called medical and informed them, they did not respond.

77.) During this time i was speaking with other inmate who's cell is right nex to the officers station, cell 34, inmate J. Zimmerman, he informed me that he overheard RN Dave tell C/o william that lets wait until he "Bugs" out (slip out) and then send him down, and this occurred at aprox. 12:30 (noon) at about the time they left from in front of my cell. Inmate J. Zimmerman # 402330

22

78) The next day 6-19-22, i was informed by a second inmate Steite, that he also heard the conversation between officer Millian and R.N Dave, he said the C/O was upset because he said to R.N.Dave, "If he is having chest pains you should bring down to medical per protocol and procedure, and that R.N.Dave, was making Job harder and that he was going to be doing all the paper work. Inmate Streite # 299902

79.) On 7-15-22, i filed CN 9602, Re: Subject Matter, Denial of medical attention. Warden Reis Denied, on 8-24-22

80.) On 9-1-22, i filed level 2 on Subject matter, and was Denied by Dist. Admin. Rodriguez.

81.) On or about the same June 18th, 2022 i sumited a signed CN9601 to: Medical Dept. Supervisor Colleen Gallagher, C.C. Supervisor Maunds, and C.o.C. comm corri Angel Quiros C.C. (Carbon Copy) Re: Subject Matter of R.N Dave

82.) I received responce on / Dated August 9, 2022, from Colleen Gallagher, MA, CADAC, CLHP., confirmation of copy to Commissioner Quiros, a C.O Dr. Robert Richeson, and CNE Michel Nicholson

83.) I received second Correspondence, Colleen Gallagher on/ Dated January 17, 2023. Trying to Disuade me from following through with exhaustion, in my attempts to remedie in accordance to P.H.P.A.S. The fact that i filed my CN9601's and CN9602's on time, and was deter-ed by D.O.C. Retaliatory actions, of Transfering me from Cheshire C.I. on June 27th 2022 to Garner C.I.

23

84.) On 6-18-22, i filed CN9601's while still housed at Cheshire C.I., Submitted to: Warden Patterson/Reis, Dep. wardens' Nulloz & Pierce, and Unit Mang. Cato, Re: Starting hunger strike, for being denied medical attention, and the total disregard for my saftey and well being, which was with Malicious and Sadistic intent. the supervising officer that did his Tour was Lt. Joshua Whitted, C/O Milliam in formed me of that, the next day when i questioned him about the incident. "He said i thought you spoke with the Lt. because he was the one to tell me to wait until he Toured unit to speak with Jordan. He, being Whitted.

85.) On 6-18-22 I submitted CN9601 to Intelligence Division, Capt. D emytiz, To preserve video.

86.) On 7-15-22, i filed CN8801 Appeal Health Service, received no response, in time allotted in accordance to A.D 8.9, I filed CN8902 On 9-8-22, received no response, I filed CN8903 On 10-21-22, and received no response.

87.) Retaliatory Measures taken by D.O.C. in transfering me from Cheshire C.I. to Garner C.I. on June 27th 2022. had its desired effects as expected.

88.) prior to my transfer from Cheshire C.I., I filed several CN9601's additionally Re. medical conditions and the conditions of Cont--inement. On 3-11-22, To medical Dr. Re. Back and Neck pain for having to write on boxes and no table and stool being available in cell.

89.) On June 4th 2022, i filed CN9601 Re. my having hard time breathing, maybe from result of being exposed to Black mold and or Radon in the D.O.C facilitys.

90.) On 6-23-22 i filed CN9601 to Warde Reis, Dep warden Walker and Pierce, unitmange Calo, C.C. sito Quiros, mulligan, Gallagher Re. The reason for Hunger Strike, and belief that the actions by the D.O.C and Medical, was out of retaliation, or was retaliatory, where i was not treated, and allowed to pass out, but their intention was to get me to Bugg out so they could reprimand and or punish me, with use of force, segregation, and or other like planting something in my cell, like a weapon.

91.) On 6-23-22, i also filed CN9601 to Medical Dept. Dist. Super. Colleen Gallagher et.al. Re. the incident with me fainting and being denied medical attention, and being the reason for current hunger Strike, and not consuming fluids as well. also while still consuming the medication prescribed, by Mental Health and Med. Dept. and whether if it was even worse for my health by continu- -ing to take drugs while on Strike.

92.) On 1-20-23, I filed CN9601 to Medical Supervisor Colleen Gallagher. Re. medical Dept. and D.O.C. attempts to prevent me from exhausting my administrative remedies, to prevent my ability to file a civil suit.

93.) As a result of these actions and incidents the Plaintiff has suffered extreme pain and discomfort, exacerbating his mental illness, being categorized as "a class of one subjected him to the freedoms and liberties of other level 4 inmates in the same facility, similarly situated, Deliberately denying needed medical attention put his life at risk; as well as mental health inadequ- -acy, and biases and Indifference towards individuals like plaintiff who has a clear mental illness Disability, actions by Defendants severely harmed his Mental stability, putting him in fear for js safety and security, with HIPPA Violations, Due process, preventing him from filing grievances medical request to address and or redress by transfer.

25

I suffered by retaliatory measures of Defendants harrassment, And the placement in East 3 out of spite for asserting my right to a single cell, by giving an option to be housed in General population with all the Ameneties, if I gave up my single Cell status

95.) The Defendants' use of threats and/or intimidation to prevent me from seeking mental health, and/or revealing if I was thinking of harming my self and or suicidal, by threat of placement in solitary con- finement (Isolated Confinement) In the form of B.O.S. subjecting people to Inhumane, Depressing environment to punish rather than treat, exacerbating a persons (my) mental health problem, by either method applied by D.O.C Staff.

96.) The Plaintiff has suffered irrevocable emotional and mental trauma, and is in Constant fear for his safety and security he has been retaliated against in a number of ways that has lead him to not be able to get a job, do programs and or leave his cell, for fear of some form of push back by D.O.C staff, Custody and medical Dept., being in Cahoots in Consp- iracy to do harm and prevent, deter, and/or stop me from filing grievances and Civil Complaints.

97.) As a result from these incidents I have been prescribed different meds, that has not been effective towards my pain and stress, anxiety, Depression, PTSD, fear, inability to sleep, and kidneys are constantly sore and painfull Back pain is extreme and the Constant transfers, disrupts treatment and care for both mental and physical issues*

98.) The Plaintiff is a pro-se litigant entitled to liberal Construction and liberal interpretation of his filings.

26

## F. Capacity of Defendants

99.) All named Defendants are being sued in their Individual Capacitys And The D.O.C as an entity, in its official Capacity and any of its Agents, that it applies to, in These pleadings by a pro-se litigant.

## G. Previous Lawsuits

100.) The Plaintiff, herein has brought one other lawsuit dealing with these similar but not the same facts, in Case No. 3:22-cv-00701

## H. Exhaustion of Administrative Remedies

101.) Pursuant to prison Litigation Reform Act, Codified under 42 U.S.C. §1997e(a), the plaintiff has exhausted all available Remedies in accordance with D.o.cs' A.D.s'

## I. Previous Dismissed Actions or Appeals

102.) Plaintiff, has Several Dismissed Claims, and/or in part, and appeals Pending 3:19-1628 in part Appx. 23-622; 3:20-491 Dismissed; 3:20-1332 Dismissed Appx 23-474; 3:21-255 Dismissed Appx. 22-1118.

J. Causes of Action

First Cause

1. Paragraphs 1-102 are hereby made 1-102 of this Cause.

103.) The Defendants: Reis, Nuvez, Pierce, Watson, Calo, Mulligan, Maiga, Rodriguez, Dept. of corr., and Axgel Quiles, did deny plaintiff equal protection, Liberty interest and making him a class of one by classifying him as single cell offender, and heesing in a unit that was under-equiped in relation to rest of the facility in same and/or similar, (inmates) be afforded the amenities, of proper furnishing, cable outlets out-side court yard recreation, work out equipment in unit, mail, request, medical, administrative remedies Boxes, fire "sprinkler system in cells, seperation from Pandemic environment via ventilation system.

104.) These acts violated the Plaintiff's 14th Amendment Rights under the Constitution and 42 U.S.C. §§ 1983 and 1988.

Second Cause

1. Paragraphs 1-104 are hereby made 1-104 of this Cause.

105.) The Defendants, D.O.C., Reis, Nuvez, Pierce, Watson, Calo, Mulligan, Maiga, Rodriguez, Dr. Wolf Craig, Collett Gallagher. did violate Plaintiff's ADA, 8th Amendment Cruel and unusual punishment and Deliberate Indifference, in forcing me to scale four flights of steps, knowing that i am disabled, and suffer an achilles injury and back pain, as well as Breathing problems resulting in chest pain, and mental Health illness. Also his 14th Amendment as it applys to his rights to be treated as a Disabled person as entitled by Title II of Americans with Disability Act, 42 U.S.C. § 12101, 12132

28

6.) Defendants,' by the policies and practices described herein has violated my rights secured by the ADA. Defendants violated my rights by failing to make reasonable modifications to policies, practices, and procedures needed in order for me to enjoy meaningful access to services, programs and activities.

107.) The ADA provides, in relevant part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

108.) The ADA has been implemented regulations promulgated by the United States Department of Justice, 28 C.F.R. § 35.101 et seq.; providing, inter alia, that public entities' (a) shall not "deny a qualified individual with a disability the opportunity to participate in or benefit from aid, benefit of service, 28 C.F.R. § 35.130(b)(1)(i); and (b) "shall make reasonable modifications are necessary to avoid discrimination on the basis of disability, unless the D.O.C can demonstrate that making the modifications would fundamentally alter the nature of the services, programs, or activity," 28 C.F.R. § 35.130(b)(7).

109.) Plaintiff, is a qualified individual with disabilities at the time of these incidents, within the meaning of the ADA, 42 U.S.C. § 12102, 12[?] and 28 C.F.R. § 35.104 Plaintiff have physical injurys that subst[?] -antrally limit my ability to walk up and down four flight of stairs [?] East-3 and without pain in leg and feet, feet, back pain. I [?] suffer from mental illness that substantially limit my performing major life activities, re, caring for my life needs, working, concentra[?] thinking and communicating with others.

29

110.) The D.O.C. is a public entity within the meaning of and subject to Title II of the ADA. see 42 U.S.C. § 12131(1). D.O.C. is responsible for the operation and management of correction facilities, including Cheshire C.I., and subject to the ADA Regulations at 28 C.F.R. § 35.152 et seq. D.O.C is legally responsible for ADA violations committed by D.O.C. staff and contractors who provide programs, services, or activities, including, but not limited to mental health services to D.O.C. prisoners including Plaintiff. see 28 C.F.R. § 35.130(b)(1).

111.) For example, The D.O.C. fails to reasonably assess and account for mental illness or otherwise provide reasonable modifications to policies, practices, or procedures in order and/or connection with assigning inmate like Plaintiff to RHU, "Isolation" (solitary confinement) punitive treatment, housing me in the worst, at least 1 of the worst RHU's in the State ("Cheshire C.I." East-1) and/or General population "East-2+3" with or without Quarantine, in either unit. Substitutions for the Now Closed Northern C.I. (Supermax) Level 5, some of these units and/or cells would put Northern to shame, from personal experience myself.

112.) The D.O.C., by subjecting prisoners and myself with mental health illness to prolonged isolation at Cheshire C.I. in deplorable and inhumane unhygienic conditions, and or by the threat of using frequent B.O.S. and in cell restraints excluding me from participating in and denying the benefits of, and discriminates against me, with respect to equal access to, and provision of services, programs, and activities that are accessible to other prisoners. D.O.C.'s exclusion, denial, and discrimination are solely by reason of these prisoners' and mainly myself mental illness.

113.) In Sum the D.O.C. has failed to make reasonable modifications to policies, protocols, practices and procedures, and to make available, to mental health inmates' like myself, mental health staff available for 24 hours a day, 7 days a week and more mental health social workers to meet the requirements of D.O.C.'s inmate population need, whatever the statistics and or ratios' are. The fact that I needed mental health at 12 midnight and there was no one available to assist me, I have a clear mental illness, that documented, and was not able to have access to proper treatment and to enjoy meaningful access to services, programs, and activities.

30

114.) The D.o.c. and other Defendants' Individually, by Virtue showed Deliberate Indifference, and cruel and unusual punishment, Retaliation, discrimination, mistreatment, Denial of treatment, insufficient, inadequate, and incompetent mental health personnel, espe-cially for the case load requirements, inmates with and/or without mental illness like myself. D.o.c. and its agents, employees; has viol-ated the ADA, including its, supporting regulations.

115.) D.o.c's failure to protect plaintiff's physical and mental well being and meet its obligations to me with my illnesses, handicaps. Cons-titutes an ongoing and continuous violations of the ADA, and its supporting regulations and continue to violate ADA, and to inflict injuries for which prisoners like my self with mental illness and phy-sical handicaps, have no adequate remedy at law.

116.) The ADA authorizes injunctive relief as an appropriate remedy to acts of Discrimination against persons with Disabilities. 42 U.S.C. § 12188 (a)(1).

117.) Plaintiff, is entitled to Injunctive / Declaratory Relief to prevent D.o.c's continued Violation of the ADA, as well as reasonable Attorneys fees and Cost incurred in connection with bringing this action.

Third Cause of Action

Violation of Title II of the Americans with Disabilities Act, 42 u.s.c. §§ 12101, First, Eighth, and four teenth Amendment, Violation of ADA, rights, by Retaliation, Cruel and unusual punishment, Deliberate Indifference, 28 C.F.R. §35.108 (c)(i) by Defendants; medical Dept. RN Dave, C/O William, C/O Guevera, Lt whitted, C/O Otano, Warden Reis, Deputy wardens Nunez and Pierce, watson, Calo, Colella, Wauthier, Correia, Whitted, Wolfcraig, and Colleen Gedlacher, Angel Quiros. william Mulligan

1. Plaintiff, repeats and realleges each allegation set forth in paragraphs 1 - 117 above as is fully set forth here in.

31

118.) Officers Millian, Guerrara, OtGuno, Whitted, and medical
Dept., R.N. Dave, showed Deliberate Indifference and Cruel
and unusual punishment. Per their actions and inactions
when I requested medical attention and mental Health
assistance.

119.) Mental Health Dept. Dr. Wolf Craig showed Deliberate
Indifference, by discriminating against me for not having
a score, (mental health) of "4 or 5." And also not making sure
her personnel was adequate to meet the needs of my mental
health issue at anytime; first, second, or third shift, and 7 days
a week. In which being unavailable at 12 midnight, i was sub-
jected to being threatend with solitary confinement, on B.O.S.
status, which is Cruel and unusual punishment, and me not
being able to report or claim that, i was feeling Destructive
and self destructive, Put my physical health at risk, as well
as others, Also my mental health stability/illness only has gotten
worse. Also this inadequacy of mental health personnel, and
incompetence, medical Dept. super, Colleen Gallagher is or has
shown Deliberate Indifference towards prisoners like myself
needs and the availability of staff. trained and Qualified to
meet the requirements.

120.) District Administrator Rodriguez, is aware of my mental health
issues, and has shown Deliberate Indifference, in her biased
decisions re. My internal Remedies Appeals.

121.) Angel Quiros, William Mulligan, was made aware of through carbon copy
sent via interdepartmental mail, And or through Colleen Gallagher, resp-
- onding to my correspondance and copy of informal Dispositions Re. R.N. Dave
and of mental Health Dept. she noted that Angel Quiros was made aware
of in here letter head signoff.

<u>Fourth Cause Of Action</u>

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 (a); Failure to provide reasonable accomodations for persons With physical Disability's and mental illness, violating 1st Amendment in retaliatory measures in placement and or transfers, and or movements from one unit to another, which conditions violated 14th Amendment Class of one, Liberty interest, equal protection under the law and no Due process, and conditions of confinement under Sandin 515. and 8th Amendment cruel and unusual punishment, and/or Deliberate Indifference, Re. placement in unit

1. Plaintiff, repeats and realleges each allegation set forth in paragraphs 1-121 above as is fully set forth herein.

122.) This claim is against the D.O.C. and it's Agents, employees and contractors, in their Official Capacities, and/or Individual Capacity, however it may apply, in accordance to the laws of the United States Constitution.

123.) D.O.C. by policies and practices described herein, has violated and continues to violate rights of prisoners and of Plaintiff. Although he is no longer housed at Cheshire C.I. East 3 unit. The D.O.C. has still subjected him to retaliatory, harrassment and /or conspiratorial, transfers, RHU placements, for non-violent and or disruptive behavior, as well as illegally placing me in RHU with any Due process, where handheld camcorder video has become non-existent, After i requested preservation of escort to RHU, on the 27th of June 2022, same day i was transfered from Cheshire C.I. To prevent me from following through with my grievances.

124.) Section 504 has been implemented by the D.O.J-issued regulations, providing, inter alia, that recipients of federally

33

funded program and activities shall not utilize criteria or methods of administration.... that have the effect of subjecting qualified handicapped person to discrimination on the basis of handicap." 45 C.f.R. § 84.4(b)(4).

125.) D.O.C. receives federal grants, contracts, and other financial assistance thereby subjecting itself to the requirements of section 504 Violations committed by D.O.C. The D.O.C. is legally responsible for § 504 also Violations committed by staff, and contractors who provide programs, services, or activities, including but not limited to mental health services, to D.O.C. prisoners including myself.

126.) D.O.C. and its agents and employees (Defendants) by virtue of the above the described discrimination and mistreatment of prisoners including Plaintiff, with mental illness, has violated Section 504. D.O.C. failure to meets its obligation to prisoners with mental illness constitutes an ongoing and continuous violation § 504. and its supporting regulations and continues to inflict irreparable harm on Plaintiff and other prisoners with mental illness.

127.) Section 504 authorizes injunctive relief as appropriate to remedy acts of discrimination and insufficient mental health personnel, for all prisoners, whether they be a 23 or 5 mental score, with a known mental health illness/disability, or not, and should be available on every shift within the facility, and not substituted by RHU and or placed in solitary confinement /Isolated confinement, and/or a filthy, nasty Infirmary that worse than RHU, in which is used to discourage inmates from seeking and or requesting help, if they feel self-destructive and suicidal, and/or harming someone else. 29 U.S.C.-§ 794a(a)(2).

34

K. Request for Relief

Wherefore, Plaintiff seeks cost of suit;

Wherefore, Plaintiff seeks Compensatory Damages;

Wherefore, Plaintiff seeks Punitive Damages;
42 U.S.C. § 1983;

Wherefore, Plaintiff seeks Reasonable Attorney fees;
42 U.S.C. § 1988; 42 U.S.C.

Wherefore, Plaintiff seeks Declatory Relief;

Wherefore, Plaintiff seeks Injunctive Relief;
pursuant to 42 U.S.C. § 12132; 29 U.S.C. § 794 a(a)(2)
Wherefore, Plaintiff seeks any and all other Relief the
Court deems Just and Equitable.

A Jury Trial is Hereby Demanded

## L. Declaration / Verification

I declare that the foregoing complaint and pleadings are the truth, and hereby declare, and verify that the matters alleged herein are true under penalty of perjury. Executed at Garner C.I. / Corrigan C.C. on May 10, 2023 and June 5th 2023

pro-se plaintiff Victor Lamard Jordan sr.
Corrigan / Radgowski C.C.
986 Newlondon Turnpike.
Uncasville, CT. 06432

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

1 of 36
of 10
46

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Victor Lamond Jordan Sc.

**DEFENDANTS**
~ see Attached ~ 2 pg

**(b)** County of Residence of First Listed Plaintiff *New London County*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant *New Haven County*
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scanned @ CCC 6|8|23
46 pages

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|                                               | PTF | DEF |                                                                 | PTF | DEF |
|-----------------------------------------------|-----|-----|-----------------------------------------------------------------|-----|-----|
| Citizen of This State                         | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State       | ☐ 4 | ☐ 4 |
| Citizen of Another State                      | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State   | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country       | ☐ 3 | ☐ 3 | Foreign Nation                                                  | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|-----------|-----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 1983, 42 U.S.C. 1st Amend Violation of Title I of ADA, 42 U.S.C. §12101 et seq. Sec. 504 RA 1973, 29 U.S.C. §794 8th/14th Amend
Brief description of cause: Cruel and Unusual punishment, Class of one, liberty interest, Conditions of Confinement, physical and mental illness, Retaliation, Delib Indiff

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 250,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE May 10, 2023/ June 5, 2023
SIGNATURE OF ATTORNEY OF RECORD  Pro se.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1