#### UNITED STATES DISTRICT COURT
#### DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR L. JORDAN, SR., *Plaintiff*, <br><br> v. <br><br> DEPARTMENT OF CORRECTION, ET AL., *Defendants*. | No. 3:23-cv-855 (VAB) |

### RULING AND ORDER

Victor L. Jordan, Sr. ("Plaintiff"), currently incarcerated at Cheshire Correctional Institution, filed this action asserting claims against twenty-three defendants. On October 6, 2023, the Court filed an Initial Review Order dismissing all of his claims, except the Eighth Amendment claims for deliberate indifference to medical and mental health needs against Officer Guerra and RN Dave ("the defendants"). *See* ECF No. 10.

The Court afforded Mr. Jordan the opportunity to file an Amended Complaint to correct the deficiencies in his claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") and indicated that any Amended Complaint should include only the ADA and RA claims asserted against the Department of Correction and the Eighth Amendment deliberate indifference claims against Defendants Guerra and Dave. Mr. Jordan timely filed an Amended Complaint on October 23, 2023. That Amended Complaint is the operative complaint in this action.

In response to the Amended Complaint Defendants Officer Guerra and RN Dave have filed a motion to strike. Although captioned only as a motion to strike, the Defendants seek relief under Federal Rule of Civil Procedure 12(e), which governs motions for more definite statement,

and 12(f), which governs motions to strike. The Defendants seek an order striking the Amended Complaint for failure to comply with Federal Rule of Civil Procedure 8 and the Court's Order specifying the claims that could be included in any amended complaint. Mr. Jordan filed an objection to the motion before he received it and has not supplemented his objection, even though sufficient time for receipt of the motion has passed.

## I. Standard of Review

### A. Rule 12(e)

Federal Rule of Civil Procedure 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for more definite statement must specify the defects in the pleading. Fed. R. Civ. P. 12(e).

However, such motions are "generally disfavored and should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Cole v. New York State Dep't of Corr. Servs.*, No. 10-CV-1098, 2012 WL 4491825, at *22 (N.D.N.Y. Aug. 31, 2012) (citation and internal quotation marks omitted); *Joya v. Verizon New York, Inc*., No. 08 Civ. 5328(PKL), 2008 WL 4667987, at *1 (S.D.N.Y. Oct. 20, 2008) ("Rule 12(e) is designed to remedy unintelligible pleadings, not merely to correct for lack of detail.") (citation omitted).

A motion under Rule 12(e) is not intended as a substitute for the normal discovery process. *See Alessi v. Monroe Cnty*., No. 07-CV-6163T, 2008 WL 398509, at *1 (W.D.N.Y. Feb. 12, 2008).

### B. Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides: "The court may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally "disfavored and granted only if there is strong reason to do so." *Holland v. Chase Bank United States, N.A.*, 475 F. Supp. 3d 272, 275 (S.D.N.Y. 2020) (citation omitted). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 225 (E.D.N.Y. 2015) (citation omitted). "A scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." *Id.* (citation omitted).

"To prevail on a 12(f) motion, the moving party must demonstrate that: '(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant.'" *Id.* (quoting *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)). A showing of prejudice is a necessary part of a Rule 12(f) motion to strike. *See Gssime v. Nassau Cnty.*, No. 09-CV-5581(JS)(ARL), 2014 WL 810876, at *2 (E.D.N.Y. Feb. 28, 2014) (citing cases).

## II.   DISCUSSION

### A.   Request for More Definite Statement

A complaint may substantially comply with Rule 8's pleading requirements, even though it included only general allegations of lack of effective medical treatment and did not specify when treatment was sought, or how or when any specific defendant provided ineffective, or any, treatment. *See Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (concluding that, despite failing to provide specific dates, "the amended complaint substantially complies with Rule 8.

3

Liberally construed, the amended complaint identifies discrete defendants and the actions taken by these defendants that purportedly violated Harnage's Eighth Amendment rights.")

The Defendants' request for more definite statement appears to be based on general allegations. *See* Defs.' Mem. ECF No. 33-1 at 4 (citing, *inter alia*, paragraphs 26 and 29 of the amended complaint referring to "DOC employees," paragraph 36 referencing an unspecified appeal, and paragraph 45 referring generally to procedure and policy, and seeking specificity). The Defendants can, however, obtain clarity on these allegations through the discovery process.

Because the Defendants may obtain the clarification through the discovery process and the Amended Complaint is not so excessively vague and ambiguous to prevent a response, the request for more definite statement under Rule 12(e) will be denied.

### B. Motion to Strike

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial[.]" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (Rule 12(f) "is designed to reinforce the requirement in Rule 8(e) [now Rule 8(d)(1)] that pleadings be simple, concise, and direct" (quotation omitted)). In the context of a motion to strike an affirmative defense, courts have found prejudice where inclusion of the defense would expand the scope of discovery and increase the duration and expense of trial. *See 405 Sullivan Ave. Indus. LLC v. Kuhns Fam. Properties, LLC*, No. 3:23-CV-240 (SVN), 2023 WL 4491745, at *5 (D. Conn. July 12, 2023) (citing cases); *see also GEOMC Co. v. Calmare Therapeutics, Inc.*, No. 3:14-CV-01222(VAB), 2016 WL 6122930, at *3 (D. Conn. Oct. 19, 2016) ("Increased time and expense of trial may constitute sufficient prejudice to warrant

striking an affirmative defense."), *aff'd,* 918 F.3d 92 (2d Cir. 2019).

The Defendants move to strike the Amended Complaint for failure to comply with the Court's order that he include only the ADA and RA claims asserted against the Department of Correction and the Eighth Amendment deliberate indifference claims against defendants Guerra and Dave.

The portions of the Amended Complaint sought to be stricken relate to claims and Defendants already dismissed from this action and are allegations Mr. Jordan was specifically instructed to omit from the Amended Complaint. As a result, evidence relating to these allegations have no bearing on the remaining claims and would, therefore, be inadmissible. Thus, the portions of the Amended Complaint sought to be stricken are immaterial and impertinent.

The Court has already considered and dismissed the claims asserted against many of the defendants who continue to be included in the amended complaint. Although Mr. Jordan was specifically instructed not to reassert those claims in his amended complaint, he deliberately disregarded that instruction. Requiring the Defendants to respond to these allegations would increase the time required to prosecute this action and tacitly approve Mr. Jordan's disregard for Court orders.

Accordingly, the Defendants' motion to strike all claims dismissed from this case on initial review will be granted. *See Frye v. Lagerstrom*, No. 15 CIV. 5348 (NRB), 2017 WL 11809790, at *5 (S.D.N.Y. Aug. 31, 2017) (noting that striking third-party claims was "especially warranted" because court had previously warned of impropriety of claims).

### III.    CONCLUSION

The Defendants' motion to strike [**ECF No. 33**] is **GRANTED** as to the request to strike all allegations relating to claims and defendants dismissed on initial review and **DENIED** as to

the request for more definite statement.

Mr. Jordan is directed to file a Third Amended Complaint which includes **only** the ADA and RA claims asserted against the Department of Correction and the Eighth Amendment deliberate indifference claims against Defendants Guerra and Dave.

Mr. Jordan shall file his Third Amended Complaint on or before **November 22, 2024**. If the Third Amended Complaint does not comply with this Court's order, it may be subject to dismissal. *See* Fed.R.Civ.P.41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.").

**SO ORDERED** at New Haven, Connecticut, this 25th day of October, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE